K W Hereford Farms, Inc. v. Commissioner.
K W Hereford Farms, Inc. v. Commissioner
Docket No. 1000-64.
United States Tax Court
T.C. Memo 1967-163; 1967 Tax Ct. Memo LEXIS 97; 26 T.C.M. (CCH) 775; T.C.M. (RIA) 67163; August 4, 1967
*97 On January 17, 1959, petitioner, an accrual basis corporation, became indebted to its sole stockholder, a cash basis taxpayer, on a series of notes in the aggregate amount of $108,000. The notes provided for interest at 3 percent per annum, "payable annually," with the right to prepay all or any part of the indebtedness on or after January 17, 1964. At the end of its fiscal year, October 31, 1959, it accrued some 10 months' interest on this debt and claimed a deduction for interest. The amount was not actually paid until July 1960, more than 2 1/2 months after the end of petitioner's fiscal year. Petitioner contends the interest was constructively received by the stockholder. Held: The doctrine of constructive receipt is not applicable and the deduction is prohibited by section 267(a)(2), I.R.C. 1954. Young Door Co., Eastern Division, 40 T.C. 890; Basil F. Basila, 36 T.C. 111, followed. Rex J. Ryden, Tremont Bldg., Marshalltown, Iowa, for the petitioner. Glenn L. Strong, for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined a deficiency of $898.56 in corporation income tax for the taxable year ended October 31, 1960. The only issue presented for determination herein is whether, for the purposes of computing its net operating loss carryover from the taxable year ending October 31, 1959 to the taxable year ending October 31, 1960, petitioner is entitled to a deduction for $2,670 of interest accrued October 31, 1959, but not paid within 2 1/2 months following the close of its taxable year ending October 31, 1959. Findings of Fact The stipulation of facts and exhibits attached thereto are incorporated by reference. Petitioner is a corporation organized under the laws of the State of Iowa on January 15, 1959, having its principal place of business in Marshalltown, Iowa. All its stock is owned by Kenneth R. D. Wolfe, who is its president and a member of its board of directors. Petitioner kept its books and filed corporation Federal income tax returns on an *100 accrual method of accounting and for taxable years ending October 31. Such returns for years ending in 1959 and 1960 were filed with the district director of internal revenue at Des Moines, Iowa. The returns describe the petitioner's business as purebred cattle breeding and livestock feeding. The return for petitioner's first taxable year ending October 31, 1959, reported a net operating loss of $3,862.46. A net operating loss deduction in this amount was claimed on the return for the year ended in 1960. On or about January 17, 1959, petitioner became indebted to Wolfe in the amount of $108,000. This indebtedness was evidenced by a series of notes payable nine years after date with interest at the rate of three percent per annum "payable annually," with the right to prepay all or any part of the indebtedness on or after January 17, 1964. As president of petitioner, Wolfe was authorized to draw checks on petitioner's bank account and disburse funds for any proper purpose. No countersignature was required. One other person, employed in the office of petitioner's accountant, was authorized to draw checks for the limited purpose of paying expenses of livestock feeding and for amounts *101 not in excess of $500. As of October 31, 1959, petitioner's account No. 255, Accrued Interest Payable, reflected a credit balance of $2,792.30 which was comprised of two items: (1) accrued interest for three months in the sum of $122.30 on a 4 percent mortgage note due Equitable Life Assurance Society of the United States, having an unpaid balance at that time of $12,230.59, and (2) accrued interest calculated on the $108,000 of debenture notes for a period of approximately ten months in the sum of $2,670. The entry required to adjust the accrued interest liability account to the balance of $2,792.30 was as follows: 476
Interest Expense
$1,868.60
255
Accrued Interest Payable
$1,868.60
The interest expense deduction in the sum of $3,571.56 claimed on petitioner's tax return for the taxable period ended October 31, 1959, consisted of $2,670 of interest on the $108,000 of debenture notes and $901.56 in other interest expense either paid or accrued during the taxable year. On July 13, 1960, petitioner paid Wolfe, by check No. 397 (CD17), the amount of $2,700, representing the $2,670 interest accrual as of October 31, 1959, plus an additional $30 paid *102 by inadvertence by Wolfe, who drew the check on the erroneous assumption that the accrued interest as of October 31, 1959 was $2,700 rather than $2,670. The additional $30 interest payment was claimed as a deduction on petitioner's tax return for the year ended October 31, 1960. No entry prior to July 13, 1960, reflecting payment of this amount of interest, was made on petitioner's books. During the first ten months of 1959, petitioner maintained an account captioned No. 275, K. R. D. Wolfe - Advances, carried in K. R. D. Wolfe's name. This account reflects advances to the petitioner by K. R. D. Wolfe on March 31, 1959 and April 30, 1959, each in the amount of $2,500. Such account was closed out on October 31, 1959, and transferred to account No. 205, Notes Payable, Security Savings Bank. As of October 31, 1959, there were only two accounts in petitioner's bookkeeping system which pertained to moneys due to K. R. D. Wolfe - the debenture notes payable account (No. 270) and the Wolfe - Advances account (No. 275). Petitioner had a line of credit of $15,000 with the Commercial State Bank, Marshalltown, Iowa, established during the year 1959. This line of credit was increased by *103 Commercial State Bank to $93,000 during the year 1960. Petitioner did, in fact, have the current assets and current liabilities listed below on the dates and in the amounts indicated: Oct. 31, 1959
Nov. 30, 1959
Dec. 31, 1959
Jan. 31, 1960
Assets: Cash
$18,855.25
$15,980.70
$ 6,277.04
$ 6,053.50
Accounts Receivable
12,359.21
5,274.25
7,774.25
11,581.39
Inventories
17,999.72
17,999.72
39,639.51
34,832.37
Liabilities: Accounts Payable
$ 7,740.07
$ 897.20
$ 863.42
$ 863.42
Notes Payable (maturing
within one year)
30,489.22
27,989.22
40,489.22
40,489.22
Accrued Expenses
3,292.30
3,292.30
3,292.30
3,292.30
Kenneth R. D. Wolfe and Dora Faye Wolfe, his wife, filed joint Federal income tax returns for the calendar years 1959 and 1960 on the cash basis. Their return for 1959 did not include any taxable income from interest on petitioner's 3 percent notes. The return for 1960 included $2,700 of taxable income from interest on such notes. On or about December 10, 1959, Wolfe signed petitioner's return for the year ended October 31, 1959. On or about January 1, 1960, he departed from the continental United States to participate *104 in an African safari. He was absent from the United States until about March 8, 1960. Petitioner and respondent agreed that the depreciation expenses claimed on petitioner's original returns were properly disallowed in the statutory notice of deficiency to the extent of $134.18 and $161.01 for the taxable years ending October 31, 1959 and October 31, 1960, respectively. Opinion Petitioner, a corporation on an accrual basis of accounting accrued on its books at October 31, 1959, the end of its first fiscal year, the amount of $2,670 as interest on a debt incurred January 17, 1959, to Wolfe, its sole stockholder, a calendar year cash basis taxpayer. The actual payment of this interest was not made until July 13, 1960, more than 2 1/2 months after the end of petitioner's taxable year. The amount was not credited to the account of Wolfe at the time it was accrued by petitioner; nor did Wolfe include the amount as income in his return for the calendar year 1959. He included it as income in his return for 1960. Respondent disallowed the claimed deduction for accrued interest under authority of section 267, Internal Revenue Code of 1954. [1] The adjustment reduces *105 the petitioner's net operating loss for the year ended in 1959, which it claimed as a net operating loss carryover deduction for the taxable year ended in 1960. *106 The purpose of section 267 is to eliminate the former tax avoidance practice of accruing unpaid expenses and interest payable to a closely related taxpayer who, because he is on a cash basis, reports no income. Because of the relationship, payment might never be required or might be postponed until the related taxpayer has offsetting losses. Young Door Co., Eastern Division, 40 T.C. 890, 893 (1963); Geiger & Peters, Inc., 27 T.C. 911, 917 (1957); Platt Trailer Co., 23 T.C. 1065, 1068 (1955); S. Rept. No. 1242, and House Ways and Means Committee Rept. No. 1546, 75th Cong., 1st Sess., p. 29 (1937), 1937-2 C.B. 630. In order for section 267(a)(2) to apply, all the requirements of that section must be met. In the present case the interest item accrued by the petitioner was not actually paid to Wolfe within 2 1/2 months after October 31, 1959; nor was it credited to Wolfe's account. The amount was not includible in Wolfe's gross income unless paid, since he was on a cash basis, and the parties were related as described in subsection (b), - petitioner was a corporation and Wolfe was the holder of more than 50 percent of its stock. *107 Petitioner says that the amount was at all times after October 31, 1959, subject to Wolfe's unqualified demand; that he was authorized to disburse the corporation's funds for any proper purpose, and that there were at all times sufficient funds in the bank account to pay the amount involved. Petitioner contends, therefore, that Wolfe was in constructive receipt of the amount within 2 1/2 months after October 31, 1959, and the fact that Wolfe did not report the item in his tax return for 1959 is immaterial, citing Michael Flynn Manufacturing Co., 3 T.C. 932 (1944). The Michael Flynn Manufacturing Co. case involved salaries accrued and credited to the accounts of officers who were controlling stockholders. They did not withdraw the amounts and did not report them as income in the years they were accrued and credited. We held that the disallowance of the deductions to the corporation under section 24(c) of the Internal Revenue Code of 1939 (the predecessor of section 267), was erroneous; that the amounts were includible in the gross incomes of the stockholders under the doctrine of constructive receipt; that the fact that they did not receive the amounts was a matter *108 of their own choosing; and it was immaterial that the stockholders failed to report the salaries as income for the year of accrual. Apropos of the latter, the courts have held that the action of a stockholder who included an accrued salary as gross income in the year of accrual is an important and relevant factor in determining the deductibility to the corporation of the amount accrued, as the stockholder has thereby treated the item as constructively received. Geiger & Peters, Inc., supra; Platt Trailer Co., supra; Musselman Hub-Brake Co. v. Commissioner, 139 F. 2d 65 (C.A. 6, 1943). Income is constructively received by a taxpayer when it is credited to his account or set apart for him so that he may draw upon it at any time without substantial limitation or restriction. Income Tax Regs., section 1.451-2. But the doctrine of constructive receipt is to be sparingly applied, and where the income is not unqualifiedly subject to the taxpayer's demand there is no constructive receipt. There is no indication in the stipulation of facts that the amount involved was credited to Wolfe's account on the petitioner's books, *109 or otherwise set apart for him so that he might draw upon it at any time. Furthermore, in our opinion there was a substantial restriction upon the withdrawal. The interest payable to Wolfe was not due until January 17, 1960, more than 2 1/2 months after October 31, 1959, the close of the petitioner's taxable year. Under the terms of the notes executed January 17, 1959, the interest was "payable annually," and the right to prepay all or any part of the indebtedness was not effective until January 17, 1964. The corporation was not obligated to pay interest earlier than January 17, 1960. While it was within Wolfe's power as sole stockholder to accelerate the payment, he did not do so and the mere existence of the power does not constitute constructive receipt. As was said in Hyland v. Commissioner, 175 F. 2d 422 (C.A. 2, 1949), affirming a Memorandum Opinion of this Court: The argument that the rule of constructive receipt becomes applicable with the mere possession of such power, without any indication of an intent to exercise it, proves too much. It would mean that in every close corporation the corporate earnings are immediately constructively received by the controlling *110 stockholder provided their withdrawal would not make the corporation insolvent. But the law ordinarily treats a corporation and its controlling stockholder as separate juristic persons, and they are separately taxable. In Basil F. Basila, 36 T.C. 111 (1961), where amounts were not due and payable under an employment contract until a fixed date, we found that such amounts were not subject to the unlimited control of the controlling stockholder and held that they were not constructively received by him until the date fixed in the contract. In Young Door Co., Eastern Division, supra, the corporation claimed deductions for commission compensation authorized by resolution of the board of directors to be paid to the controlling stockholders 90 days after the close of the taxable year. The commissions were accrued on the corporation's books but were not paid within 2 1/2 months after the close of the year. We found that the income was subject to a substantial restriction and was not constructively received by the stockholders within 2 1/2 months after the close of the year, even though the stockholders had the power to alter the conditions in the resolution which *111 provided for payment 90 days after the close of the taxable year. We held that the deduction by the corporation was prohibited by section 267(a)(2). We conclude that the interest in question was not constructively received by Wolfe within 2 1/2 months after the close of the taxable year ended in 1959 and that the deduction claimed therefor is prohibited by section 267(a)(2) of the Internal Revenue Code of 1954. Decision will be entered under Rule 50. Footnotes
1. SEC. 267. LOSSES, EXPENSES, AND INTEREST WITH RESPECT TO TRANSACTIONS BETWEEN RELATED TAXPAYERS. (a) Deductions Disallowed. - No deduction shall be allowed - (1) Losses. - * * * (2) Unpaid Expenses and Interest. - In respect of expenses, otherwise deductible under section 162 or 212, or of interest, otherwise deductible under section 163, - (A) If within the period consisting of the taxable year of the taxpayer and 2 1/2 months after the close thereof (i) such expenses or interest are not paid, and (ii) the amount thereof is not includible in the gross income of the person to whom the payment is to be made; and (B) If, by reason of the method of accounting of the person to whom the payment is to be made, the amount thereof is not, unless paid, includible in the gross income of such person for the taxable year in which or with which the taxable year of the taxpayer ends; and (C) If, at the close of the taxable year of the taxpayer or at any time within 2 1/2 months thereafter both the taxpayer and the person to whom the payment is to be made are persons specified within any one of the paragraphs of subsection (b). (b) Relationships. - The persons referred to in subsection (a) are: * * *
(2) An individual and a corporation more than 50 percent in value of the outstanding stock of which is owned, directly or indirectly, by or for such individual; * * *↩