Fritz Busche, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 39351. Filed January 26, 1955.

*Harold E. Smith, Esq.*, for the petitioner.
*Henry F. Day, Jr., Esq.*, for the respondent.

710

## OPINION.

TIETJENS, *Judge:* In his notice of deficiency the respondent considered the petitioner's loss on dissolution of the partnership a loss from the sale or exchange of a capital asset and not an ordinary loss as claimed by the petitioner on his return. Later, in an amendment to his answer, the respondent alleged that the sale of assets and dissolution of the partnership were one transaction whereby the petitioner sold his interest in the partnership to a corporation in which he owned, directly or indirectly, more than 50 per cent in value of the outstanding stock, so that deduction of any losses sustained by the petitioner is prohibited by section 24 (b) (1) (B), Internal Revenue Code of 1939.[1] On the issue raised by amendment to his answer the respondent has the burden of proof.

If we telescope the various transactions set out in the stipulated facts it is our view that we start out with a partnership business and end up with the same business in the hands of a corporation with the petitioner, who was a former partner, owning, directly or indirectly, more than 50 per cent in value of the outstanding stock. We think this is a proper case for the application of section 24 (b) (1) (B).

Insofar as it relates to this case, that section prohibits the deduction of any losses from the sale or exchange of property, directly or indirectly, between an individual and a corporation where the individual owns, directly or indirectly, more than 50 per cent in value of the outstanding stock of the corporation. Part (b) (2) of this section sets forth the rules for determining stock ownership.

This section, in less comprehensive form, was first enacted in the Revenue Act of 1934 (sec. 24 (a) (6)), 48 Stat. 691, to put a stop to the practice of creating losses through transactions between members of a

---

[1] SEC. 24. ITEMS NOT DEDUCTIBLE.

(b) LOSSES FROM SALES OR EXCHANGES OF PROPERTY.—

(1) LOSSES DISALLOWED.—In computing net income no deduction shall in any case be allowed in respect of losses from sales or exchanges of property, directly or indirectly—

\*     \*     \*     \*     \*     \*     \*

(B) Except in the case of distributions in liquidation, between an individual and a corporation more than 50 per centum in value of the outstanding stock of which is owned, directly or indirectly, by or for such individual;

\*     \*     \*     \*     \*     \*     \*

(2) STOCK OWNERSHIP, FAMILY, AND PARTNERSHIP RULE.—For the purposes of determining, in applying paragraph (1), the ownership of stock—

\*     \*     \*     \*     \*     \*     \*

(B) An individual shall be considered as owning the stock owned, directly or indirectly, by or for his family;

(C) An individual owning (otherwise than by the application of subparagraph (B)) any stock in a corporation shall be considered as owning the stock owned, directly or indirectly, by or for his partner;

(D) The family of an individual shall include only his brothers and sisters (whether by the whole or half blood), spouse, ancestors, and lineal descendants; and

\*     \*     \*     \*     \*     \*     \*

family and corporations controlled by them, where there was no actual realization of loss. It was brought to its present form by section 301 (b) of the Revenue Act of 1937, 50 Stat. 827, which enlarged the classes of transactions covered by the statute's prohibition and added to the rules for determining stock ownership. In the House debate on this section of the 1937 Act, Chairman Doughton of the House Ways and Means Committee explained its purpose as follows:

The evidence submitted to the joint committee disclosed that a considerable loss of revenue was resulting from the artificial taking and establishment of losses where property was shuffled back and forth between various legal entities owned by the same persons or person. These transactions seem to occur at moments remarkably opportune to the real party in interest in reducing his tax liability but, at the same time allowing him to keep substantial control of the assets being traded or exchanged. [81 Cong. Rec. 9019 (1937).]

The petitioner concedes that the minor losses on the sale of partnership assets to the corporation are not allowable because of the prohibition of section 24 (b) (1) (B). He maintains that this sale was made by the partnership entity, and that he realized an ordinary loss when the partnership was dissolved and its assets (consisting of cash) were distributed to the partners. The measure of his claimed loss is the basis of his interest in the partnership less the cash received by him on distribution. This difference is attributable to the amount in excess of the book value paid by petitioner for F. E. McCray's interest.

We are unable to agree that in applying section 24 the sale must be considered as made by the partnership entity, as distinguished from the individual partners. For some purposes of Federal tax law a partnership is regarded as an entity distinct from its members; its methods and periods of accounting may differ from those of its members; it is required to compute its income as a unit and to file an income tax return, though merely for informational purposes. Secs. 183, 187, and 188, I. R. C., 1939. But basically the partnership is treated as an aggregate of individuals who are co-owners of partnership property and to whom, in proportionate shares, the income of the partnership is taxed. *Commissioner* v. *Whitney*, (C. A. 2, 1948) 169 F. 2d 562, certiorari denied 335 U. S. 892 (1948). This aggregate treatment of the partnership has been applied particularly in determining the effects taxwise of transactions between partnerships and corporations controlled by the partners, where it is sought to interpose the partnership entity between the individual partners and the corporation. See, for example, *Commissioner* v. *Whitney, supra; Randolph Products Co.* v. *Manning*, (C. A. 3, 1949) 176 F. 2d 190; *Western Transmission Corporation*, 18 T. C. 818 (1952) ; *Walnut Street Co.* v. *Glenn*, (W. D., Ky., 1948) 83 F. Supp. 945. Thus, in keeping with the purpose of section 24 and the treatment generally accorded partnerships for purposes of Federal taxation, we consider the sale of

partnership assets to have been made by the individual partners and not by the partnership entity. *Commissioner* v. *Whitney, supra.* This means that petitioner's losses on the sale transaction are not allowable, since in accordance with section 24 (b) (2) he is charged with owning the stock of his wife, brother, and his partner, which is over 50 per cent in value of the outstanding stock of the corporation.

We do not agree with the petitioner's argument that his loss was incurred not on the sale but on the dissolution of the partnership following the separate sale of its assets to the corporation. We have already held that in applying section 24 (b) (1) (B) the sale is to be considered as made by the individual partners, and that the deduction by the partners of any losses on the sale is prohibited. In our view this holding characterizes the entire transaction as simply a sale of partnership assets. There was only one transaction; not two. And even though it were conceded that the sale of the business by the partnership and the termination and liquidation of the partnership are to be treated as separable transactions for the purposes of this case, we do not see how that would help petitioner. As pointed out by the Second Circuit in *Commissioner* v. *Whitney, supra:*

Since the whole basis of the refusal of the deduction under § 24 (b) (1) (B) is that the transfer is not such a change of economic interest as to be considered executed or closed to the point of realization of loss to the former owner, *there is nothing which would change the prohibition by the added fact, obviously a usual one in the situation, of termination of the partnership.* There can be little reason for a transfer in substantial amount of firm assets to a corporation except the substitution of the corporate way of doing business for the former partnership one; and the prohibition of § 24 (b) (1) (B), unless it is to be meaningless, must be held to apply then equally or especially. * * * [Emphasis supplied.]

To hold otherwise and to permit the petitioner by the use of the partnership entity to embellish an essentially simple transaction by cutting it up into separate transactions would be directly contrary to the statutory prohibition.

Reviewed by the Court.

*Decision will be entered for the respondent.*

Murdock, *J.*, dissenting: The petitioner contends that when he received, upon the dissolution of the partnership, less than the stipulated basis for his partnership interest, the difference was deductible as an ordinary loss. The Commissioner, in his determination of the deficiency, recognized that such a loss occurred. Such a loss is an ordinary loss because it does not result from a sale or exchange. That is the only loss claimed by the petitioner.

The Commissioner, dissatisfied with the deficiency which he determined, has claimed an increased deficiency by an amended answer. He has the burden of proof to sustain that claim and would have to

show, contrary to his determination and the contention of the petitioner, that loss did not occur from the liquidation of the partnership. The majority Opinion states that the sale of the assets to the corporation must be considered as made by the individual partners rather than by the partnership. I see no justification for that assumption. However, a gain has been reported by the partnership from the sale of the assets by it to the corporation, the petitioner has reported his distributive share thereof, and no loss is being claimed on the sale of the assets. The prevailing Opinion sustains the increased deficiency claimed by the Commissioner by confusing the issue, that is, by demonstrating that under section 24 (b) (1) (B) the petitioner can claim no deductible loss from the sale of the assets to the corporation. That is a false issue because the petitioner claims no such loss but, on the contrary, concedes that gain resulted from the sale of the assets to the corporation. The real question of whether the amount which the petitioner received upon the liquidation of the partnership was less than the stipulated basis for the partnership interest remains unanswered, although the record indicates that he had the same amount of loss from that liquidation regardless of who sold the assets to the corporation. The evidence certainly fails to show that the partnership was not liquidated or that the petitioner did not receive in the liquidation less than his basis for his interest in the partnership. There should be no increased deficiency and decision should be entered for the petitioner.

Van Fossan and Harron, *JJ.*, agree with this dissent.