HYPLAINS DRESSED BEEF, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2559–68.     Filed April 21, 1971.

*George Voss*, for the petitioner.
*G. Phil Harney*, for the respondent.

TIETJENS, *Judge:* The Commissioner determined deficiencies in petitioner's Federal income tax for taxable years 1964 and 1965 in

---

the respective amounts of $40,321.48 and $13,704. The sole issue confronting us is whether officers' salaries of $55,650 and $27,300, accrued for 1964 and 1965 respectively, are prohibited from being deducted by section 267, I.R.C. 1954.[1]

FINDINGS OF FACT

Some of the facts have been stipulated. The stipulation and exhibits attached thereto are incorporated herein by this reference.

HyPlains Dressed Beef, Inc., sometimes hereinafter referred to as petitioner, is a corporation organized and existing under the laws of the State of Kansas, with its principal office in Dodge City, Kans., at the time its petition herein was filed. Petitioner's Federal income tax returns for the calendar years 1963, 1964, and 1965 were filed with the district director of internal revenue at Wichita, Kans. The petitioner kept its books and filed its tax returns on the accrual method of accounting.

The petitioner is engaged primarily in the slaughtering and processing of cattle, sheep, hogs, and all classes and descriptions of livestock, and rendering, refining, curing, packing, and cold storage of such livestock. During the calendar years 1963, 1964, and 1965, the petitioner's officers and board of directors were Samuel V. Davis, president; Thomas P. Shirley, vice president; Arthur J. Ebener, secretary-treasurer; H. M. Skaggs, Jr., director; and John P. Perrier, director. During the years at issue, all of the outstanding stock of the petitioner was owned one-third by Samuel V. Davis, one-third by Thomas P. Shirley, and one-third by Arthur J. Ebener. None of the officers or directors of the petitioner were related to each other during the years in question, and the three stockholders filed their individual income tax returns during these calendar years on the cash method of accounting.

During the years 1963, 1964, and 1965, petitioner's officers owned interests in partnerships as follows:

| Partnership | Sam V. Davis | Thomas P. Shirley | Arthur J. Ebener |
|---|---|---|---|
| Ebener, Shirley & Davis | 1/3 | 1/3 | 1/3 |
| Frontier Cattle Co. | 1/6 | 1/6 | 1/6 |
| Price Hog Co.[1] | 1/6 | 1/6 | 1/6 |

[1] Partnership interest acquired in 1964.

Petitioner claimed the following deductions for compensation of officers during the taxable years 1963, 1964, and 1965:

[1] All statutory references are to the Internal Revenue Code of 1954 unless otherwise stated.

| Officer | 1963 | 1964 | 1965 |
|---|---|---|---|
| Ebener | $24,400 | $26,466.66 | $26,350 |
| Shirley | 10,000 | 21,266.67 | 20,550 |
| Davis | 24,400 | 26,466.67 | 26,350 |
| Totals claimed | 58,800 | 74,200.00 | 73,250 |

The $74,200 for the compensation of officers which the petitioner claimed for the taxable year 1964 consisted of the following:

Salaries paid in cash in 1964, claimed in 1964_____ $18,200

Salaries paid in cash in 1964 which were accrued and claimed by petitioner in 1963_____ 30,000

Salaries accrued in 1964, but not paid in cash during the year 1964—nor until after Mar. 15, 1965_____ 55,650

Salaries accrued in 1964 and paid in cash between Jan. 1, 1965, and Mar. 15, 1965_____ 350

Total _____ 104,200

Less: Salaries for 1963_____ 30,000

Compensation of officers as claimed for 1964_____ 74,200

The salaries in the amount of $55,650 accrued by the petitioner for the taxable year 1964, but not paid in cash during the year 1964, nor during the period January 1, 1965, through March 15, 1965, were accrued as follows by journal entries on the following dates:

Nov. 28, 1964_____ $28,350

Nov. 28, 1964_____ 3,000

Dec. 31, 1964_____ 24,300

Total accrued_____ 55,650

The $73,250 for compensation of officers which the petitioner claimed for the taxable year 1965 consisted of the following:

Salaries paid in cash in 1965, claimed in 1965_____ $44,850

Salaries accrued in 1965, but not paid in cash during the year 1965— nor until after Mar. 15, 1966_____ 27,300

Salaries accrued in 1965 and paid in cash between Jan. 1, 1966, and Mar. 15, 1966_____ 1,600

Error in return preparation_____ (150)

Total _____ 73,600

Less: Adjusting entry for 1964 salaries paid between Jan. 1, 1965, and Mar. 15, 1965_____ (350)

Compensation of officers as claimed for 1965_____ 73,250

The salaries in the amount of $27,300 accrued by the petitioner for the taxable year 1965, but not paid in cash during the year 1965, nor during the period January 1, 1966, through March 15, 1966, as shown

above, were accrued by journal entries on the following dates, in the amounts shown, and were credited to petitioner's salaries and wages payable account:

| | |
|---|---|
| Jan. 30, 1965 | $4,200 |
| Feb. 27, 1965 | 4,200 |
| Apr. 3, 1965 | 5,250 |
| May 1, 1965 | 4,200 |
| May 29, 1965 | 4,200 |
| July 3, 1965 | 5,250 |
| Total officers' compensation accrued for 1965, as shown above | 27,300 |

Under petitioner's method of accounting, all wages—including those of clerical and production staffs, officers, etc.—were accrued as an expense and set aside in a salaries and wages payable account, and as payment was made in cash, the amount was removed from the salaries and wages payable account. The salaries and wages payable account on petitioner's books showed accrued amounts in total without identifying the actual individual officer or other employee involved. No separate account(s) was maintained for officers' salaries.

On December 5, 1963, a special meeting of the officers and directors of the petitioner was held in Dodge City, Kans. The minutes of that meeting state, among other things, the following:

The next matter on the agenda concerned the paying of bonuses to the Company executives. During the discussion that followed, it was pointed out that the business had been operated in a profitable and successful manner during the past twelve months, and that the executives' fixed salaries had been small in relation to the duties performed. It was thereupon moved by Vice President Shirley, and seconded by President Davis, that the following bonuses be declared: to President Sam V. Davis $10,000.00, to Vice President Thomas P. Shirley $10,000.00, to Secretary Treasurer Arthur J. Ebener $10,000.00; thereby providing compensation commensurate with the services performed. It was further agreed that the bonuses would be accrued on the books of the Company and that payment thereof would be made at a time when the withdrawal of the cash would not impair the Companys' [sic] working capital. Motion passed unanimously.

The above-stated amounts were accrued on petitioner's books, which included their being credited to the salaries and wages payable account on petitioner's books and their being deducted on petitioner's 1963 Federal income tax return as compensation for officers' salaries.

A special meeting of the officers and directors of petitioner was held on August 28, 1964. The minutes of that meeting, in connection with the salaries of petitioner's officers, state:

On motion of Director Skaggs, seconded by Director Perrier the Officers salaries are to be raised as directed, President Sam V. Davis $500.00 per week; Vice President Thomas P. Shirley $400.00 per week; Secretary Treasurer Arthur J. Ebener $500.00 per week. Motion carried unanimously.

In subsequent discussion, the Board believes that due to the financial condition of HYPLAINS DRESSED BEEF, INC., a portion of this salary should be accrued as determined by accountants Hogue, Beebe, and Treindle [sic].

On motion of Director Perrier, seconded by Director Skaggs, it was directed that salary be accrued for the first twenty seven weeks of 1964 in the amount of $9450.00 for each of the Officers of HYPLAINS DRESSED BEEF INC. These officers being Sam V. Davis, President, Thomas P. Shirley, Vice President, and Arthur J. Ebener, Secretary Treasurer. Motion carried unanimously.

At a special meeting of officers and directors, held September 30, 1964, the minutes disclose the following action:

The next order of business was a discussion centering on the accruing of salaries in HYPLAINS DRESSED BEEF, INC. It was decided that the $9,450.00 dollars to be accrued as salary for the Officers of HYPLAINS DRESSED BEEF, INC., as set forth in the minutes of the Special Meeting held August 28, 1964, be accrued during the month of September, 1964. It was also agreed that the amount of weekly salary over $150.00 ($350.00) be accrued in the case of President Davis, and Secretary Treasurer Ebener. It was further agreed that in the case of Vice President Shirley, the amount of weekly salary in excess of $50.00 ($350.00) be accrued.

On January 11, 1965, petitioner's stockholders and board of directors authorized officers' salaries as follows:

On motion of Vice President Shirley, seconded by President Davis, it was moved that the weekly salaries be as follows: President Davis, $500.00 per week, Vice President Shirley, $400.00 per week, Secretary Treasurer Ebener, $500.00 per week. Of these salaries, $350.00 per week is to be accrued. All salaries to be reviewed each quarter. Motion carried unanimously.

All salaries as accrued were credited to petitioner's salaries and wages payable account.

Petitioner's officers reported in their individual 1964 and 1965 income tax returns the following amounts which they received from petitioner:

|  | 1964 | 1965 |
|---|---|---|
| Sam V. Davis | $7,800 | $16,750 |
| Thomas P. Shirley | 2,600 | 16,750 |
| Arthur J. Ebener | 7,800 | 11,350 |
|  | 18,200 | 44,850 |
| Payments on 1963 accrued salaries | [1]30,000 | -------- |
| Total reported by officers | 48,200 | 44,850 |

[1] Each officer received a cash payment of $10,000.

The record of minutes of a board meeting of petitioner's stockholders on April 12, 1965, shows the following concerning officers' accrued salary:

The first order of business was a discussion of Officers accrued salary. President Davis stated that he felt that there were three conditions to be met when taking accrued salary from the business. These conditions being, first, when the business can afford it, secondly whenever the most tax advantage can be obtained and third, to be used to start a new business. There followed some discussion of the three conditions, however none were in total disagreement with the three conditions set forth by President Davis.

The officers' salaries and bonuses which petitioner accrued for the years 1963, 1964, and 1965, were paid to the officers in equal amounts on December 31, 1964, and again on April 16, 1966.

The salaries and bonuses reported by petitioner's three officers in their individual income tax returns for the years 1964 and 1965 did not include the amounts accrued of $55,650 for the year 1964 or $27,300 for the year 1965. Petitioner's three officers reported their individual incomes for the years 1964 and 1965 on the cash basis, reporting only the salaries and bonuses that were actually received in cash during each of those years.

During the years 1963, 1964, 1965, and 1966, the petitioner had the capacity of borrowing from the First National Bank in Dodge City, Kans., the amount which had been accrued as officers' salaries but which salaries were not paid in cash during those years. During this period, Ebener, Shirley, and Davis received loans in substantial amounts from the First National Bank in Dodge City.

All checks of the petitioner are written in the office and they come out of a common checkbook. Ebener, who was the secretary of the corporation, had not had any previous experience in writing minutes for corporations but he testified that he recorded the actions taken to the best of his recollection.

In its tax returns for taxable years 1964 and 1965, petitioner deducted the respective amounts of $74,200 and $73,250 as officers' salaries. The Commissioner determined that of those amounts $55,650 and $28,550 were disallowed as deductions for the respective years because they were not paid within 2½ months after the close of the taxable year and were not included in the gross incomes of the officers under the provisions of section 267.

OPINION

We must decide if petitioner is prohibited, by section 267, from deducting accrued officers' salaries on its 1964 and 1965 tax returns. Section 267 provides, in pertinent part:

SEC. 267(a). DEDUCTIONS DISALLOWED.—No deduction shall be allowed—

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(2) UNPAID EXPENSES AND INTEREST.—In respect of expenses, otherwise deductible under section 162 or 212, or of interest, otherwise deductible under section 163,—

(A) If within the period consisting of the taxable year of the taxpayer and 2½ months after the close thereof (i) such expenses or interest are not paid, and (ii) the amount thereof is not includible in the gross income of the person to whom the payment is to be made; and

(B) If, by reason of the method of accounting of the person to whom the payment is to be made, the amount thereof is not, unless paid, includible in the gross income of such person for the taxable year in which or with which the taxable year of the taxpayer ends; and

(C) If, at the close of the taxable year of the taxpayer or at any time within 2½ months thereafter, both the taxpayer and the person to whom the payment is to be made are persons specified within any one of the paragraphs of subsection (b).

(b) RELATIONSHIPS.—The persons referred to in subsection (a) are:

\*     \*     \*     \*     \*     \*     \*

(2) An individual and a corporation more than 50 percent in value of the outstanding stock of which is owned, directly or indirectly, by or for such individual;

\*     \*     \*     \*     \*     \*     \*

(c) CONSTRUCTIVE OWNERSHIP OF STOCK.—For purposes of determining, in applying subsection (b), the ownership of stock—

\*     \*     \*     \*     \*     \*     \*

(3) An individual owning (otherwise than by the application of paragraph (2)) any stock in a corporation shall be considered as owning the stock owned, directly or indirectly, by or for his partner;

It is well established that for a deduction to be barred under section 267(a)(2), all three of the requisite facts must coexist. *Akron Welding & Spring Co.*, 10 T.C. 715 (1948); *Platt Trailer Co.*, 23 T.C. 1065 (1955); *Young Door Co., Eastern Division*, 40 T.C. 890 (1963).

We deal first with the least troublesome of the three requirements of section 267(a)(2), i.e., 267(a)(2)(B) and (C).

Section 267(a)(2)(B) and the regulations thereunder [2] have to do with the method of accounting employed by the recipient of the amount claimed as the deduction. Since the three stockholder-officers of petitioner were all on the cash basis of reporting, this requirement is obviously satisfied.

Section 267(a)(2)(C) states that a deduction is barred as between certain enumerated persons. These persons are listed in section 267(b) and that section includes an individual and a corporation whose outstanding stock is owned in excess of 50 percent, directly or indirectly, by or for such individual. Sec. 267(b)(2). Section 267(c) relates to constructive ownership of stock and includes within its purview (sec. 267(c)(3)) an individual who owns any stock in a corporation. Such

---

[2] Sec. 1.267(a)–1(b). *Unpaid expenses and interest.* (1) No deduction shall be allowed a taxpayer for trade or business expenses otherwise deductible under section 162, for expenses for production of income otherwise deductible under section 212, or for interest otherwise deductible under section 163—

\*     \*     \*     \*     \*     \*     \*

(ii) If the payee is on the cash receipts and disbursements method of accounting with respect to such items of gross income for his taxable year in which or with which the taxable year of accrual by the debtor-taxpayer ends; and

person is considered to own stock owned directly or indirectly by or for his partner.

The facts reveal that no two of petitioner's officers or directors were related to each other during the years in question and that they equally owned all the outstanding stock of petitioner. However, each of petitioner's officers owned: (a) A one-third interest in Ebener, Shirley & Davis, a partnership; (b) a one-sixth interest in Frontier Cattle Co., a partnership; and (c) a one-sixth interest in Price Hog Co., a partnership.

Thus, the requirements of section 267(b)(2) and (c)(3) are satisfied since each officer, through the Ebener, Shirley & Davis partnership, constructively owns more than 50 percent in value of petitioner's outstanding stock.

Petitioner's argument that section 267(a)(2)(C) is not applicable since the partnership employed to satisfy the attribution rule was not involved in any transaction with the petitioner is to no avail. The cases relied on by petitioner, *Fritz Busche*, 23 T.C. 709 (1955), affirmed per curiam 229 F. 2d 437 (C.A. 5, 1956); and *Miller* v. *United States*, 331 F. 2d 854 (Ct. Cl. 1964), are clearly not in point inasmuch as they deal with the disallowance of losses under section 267(a)(1) and we here are dealing with deductions. Section 267(a)(1) speaks in terms of losses from sales or exchanges of property between specified persons. This language caused the courts in the cases cited by petitioner to hold that there had to be some participation by the specified persons in the loss transaction for section 267(a)(1) to be applicable. This is not the case here, since such language does not appear in section 267 (a)(2)(C). Therefore, the prohibited relationship existed and that requirement is satisfied.

This brings us to a consideration of the last remaining requirement, that of section 267(a)(2)(A), which concerns itself with payment of the claimed expenses up to 2½ months after the close of the taxable year and the includability of such amount in the gross income of the payee. There is no dispute that the amounts in question were not paid in cash within the allowable time period. However, there is disagreement as to includability. Petitioner argues that the amounts were constructively received by the officers and hence includable in their incomes, while the Commissioner argues to the contrary.

The Commissioner's main argument is that when the petitioner, under authority from its directors, accrued the officers' salaries, it did so with a restriction placed on payment and that this restriction operated to negate any constructive receipt. The claimed restriction referred to is supposed to be included in the various minutes of directors' meetings which were held during the years in question.

The Commissioner cites the following statements in the minutes as evidence of the restriction: (1) December 5, 1963—accrued salaries

would be paid "at a time when the withdrawal of the cash would not impair the Companys' [sic] working capital;" (2) August 28, 1964—"due to the financial condition of HYPLAINS DRESSED BEEF, INC., a portion of this salary should be accrued as determined by accountants;" and (3) April 12, 1965—"President Davis stated that he felt that there were three conditions to be met when taking accrued salary * * * first, when the business can afford it, secondly whenever the most tax advantage can be obtained and third, to be used to start a new business. * * * none were in total disagreement with the * * * conditions."

As to the alleged restriction of December 5, 1963, relating to the impairment of working capital, it is stipulated that petitioner had sufficient credit at the First National Bank in Dodge City to borrow the accrued amounts. In light of this stipulation, the alleged restriction cannot stand. "[W]here a corporation * * * could have borrowed an amount that would enable it * * * [to pay accrued salaries], the doctrine of constructive receipt * * * [is] applicable and the payor * * * [is] accordingly entitled to a deduction. *Platt Trailer Co.*, * * * [23 T.C. 1065 (1955)]; *Ohio Battery & Ignition Co.*, 5 T.C. 283." *Geiger & Peers, Inc.*, 27 T.C. 911, 919 (1957).

As to the alleged limitation of August 28, 1964, concerning the financial condition of petitioner, upon analysis, all this alleged restriction states is that the salaries will be accrued according to the accountants' recommendation. We fail to see how this statement can act as a restriction on the payment of salaries. The more correct interpretation would appear to be that the accountants would determine the amount to be accrued and not whether such amount would or would not be paid when desired by the payee.

The third alleged restriction contained in the minutes of the April 12, 1965, meeting relates to the three conditions voiced by Davis, petitioner's president. Again we have difficulty in finding the statement of Davis to be a restriction. The minutes show that there was some discussion about the three conditions but that none of the officers were in *total* disagreement. However, the minutes do not show that any action was taken on these conditions voiced by Davis, and the fact that the officers were not in total disagreement would seem to indicate only that there was some disagreement among them.

The Commissioner also argues that since the accrued salaries were not credited to the accounts of the officers but rather were lumped in with all salaries and wages payable, the doctrine of constructive receipt was rendered inapplicable. We cannot agree. Decided cases, as reviewed in *R. E. Hughes, Jr.*, 42 T.C. 1005, 1014 (1964), require definitive corporate action, either as a corporation resolution, or an entry in the corporate books, or both and the failure of the beneficiary of this

action to draw on the funds made available, for constructive receipt to be operative. Here, we have the definite corporate action in the form of corporate resolutions, absent any real restrictions and also an entry on the corporate books, albeit not to individual accounts. The Commissioner's contention again fails.

The Commissioner's final contention is that petitioner's failure to withhold taxes on the accrued salaries indicates that the accrued amounts were not constructively received by the officers, i.e., "Paid," for withholding tax purposes since the duty to withhold on all wages whether actually or constructively paid, is presumed to be known by all taxpayers.

Although we do not condone the failure to withhold as required by law, we do not feel that this action is fatal to petitioner's claimed deduction. The record adequately reveals that the officers and directors were not well versed in the technical terms of accounting and that the officers were new to the business world in the management sphere. In addition, petitioner admits that such failure was an error on its part. And finally, we are not involved herein with a withholding tax case, but rather with an income tax case, and we do not consider this failure by petitioner to be of ultimate significance. Accordingly,

*Decision will be entered under Rule 50.*