LACY CONTRACTING COMPANY, LACO EQUIPMENT COMPANY, AND L. H. LACY COMPANY, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1597–69.    Filed June 1, 1971.

*Jack Weatherly Crosland*, for the petitioners.
*F. Timothy Nicholls*, for the respondent.

STERRETT, *Judge:* For the taxable years ended June 30, 1966, and June 30, 1967, the respondent determined deficiencies in the petitioners' Federal income taxes of $3,371.56 and $1,226.84, respectively. Due to concessions by the petitioners the sole issue remaining for decision is whether the provisions of section 267(a)(2) of the Internal Revenue Code of 1954 [1] apply so as to prevent petitioner L. H. Lacy Co. from deducting bonuses which were accrued as of the close of its taxable year, June 30, but which were not paid until the following December.

#### FINDINGS OF FACT

Some of the facts were stipulated. The stipulations and the exhibits attached thereto are incorporated herein by this reference.

---

[1] All references by section are to the Internal Revenue Code of 1954 unless otherwise stated.

The petitioners are corporations incorporated under the laws of the State of Texas. At the time their petition was filed herein their principal place of business was Dallas, Tex. They filed consolidated Federal income tax returns for the years in issue with the district director of internal revenue at Dallas, Tex.

L. H. Lacy Co. (hereinafter referred to as petitioner), a construction company, was incorporated on December 20, 1955. During the years in issue Jerry H. Lacy (hereinafter referred to as Lacy) owned 52 percent of the outstanding capital stock of Lacy Contracting Co. which, in turn, owned 100 percent of the capital stock of the petitioner. During the years in issue the officers and/or directors of petitioner were as follows:

J. H. Lacy_____ President_____ Director.
L. H. Lacy_____ Vice president_____
Jes McIver_____ Vice president_____ Director.
Vera Boswell_____ Secretary/treasurer_____ Director.

Petitioner reported its income on the basis of a fiscal year ended June 30 and the accrual basis method of accounting. Lacy reported his income on the basis of a calendar year and the cash basis method of accounting.

As of June 30, 1966, pursuant to authorization by its board of directors, the following entry and explanation was recorded on the petitioner's books of account:

Bonus expense_____ $15,000
   Accrued bonus payable_____ $15,000
   To set up year-end bonuses to employees per board of directors and memo.

On December 6, 1966, the following entry and explanation was recorded on the books of account of the petitioner:

Accrued bonus payable_____ [1] $15,500
   Payroll taxes withheld and employee retirement trust____ $3,388
Cash in bank_____ 12,112
Payment of bonuses accrued at fiscal year ended 6/30/66.

[1] The parties offered no explanation for the $500 difference between the above entry and the June 1966 entry.

For the taxable year 1966 it was within the sole discretion of Lacy to apportion the total amount of bonuses authorized by petitioner's board of directors among various officers and employees. For 1966, Lacy determined that $5,000 was to be his share. He made this decision on an undetermined date in September of 1966.

On December 6, 1966, petitioner issued its check to Lacy in the sum of $3,900 in partial payment of the aforesaid $5,000 bonus. Of the remaining $1,100, $1,000 was paid to the First National Bank in

Dallas as a deposit for Federal withholding taxes and $100 was paid into the petitioner's retirement trust. For the taxable year 1966, J. H. Lacy and his wife reported on their joint Federal income tax return a bonus of $5,000 as having been received from petitioner.

As of June 30, 1967, the following entries and explanations were recorded on the petitioner's books of account:

| | | |
|---|---|---|
| Bonuses expense—officers and employees_____ | $25,000 | |
| Accrued payroll_____ | | $25,000 |
| To record accrued bonuses as of June 30, 1967. | | |
| Accrued bonuses_____ | 15,000 | |
| Federal income tax payable_____ | | 7,500 |
| Retained earnings_____ | | 7,500 |
| To correct entry for accrued bonuses.[1] | | |

[1] On brief the petitioners stated that the second entry was in correction of the first and that one of the results of the two entries was to reduce the credit balance in the accrued bonuses account to the amount of $10,000 for petitioner's fiscal year ended June 30, 1967.

At a special meeting of petitioner's board of directors held on August 4, 1967, it was resolved that bonuses in the amount of $10,000 be paid to officers and other employees for fiscal year 1967. Again Lacy determined the apportionment of the above amount among officers and employees, and he determined that he would receive a bonus of $1,000. He made this decision at an undetermined date in September of 1967.

On December 1, 1967, the following entry and explanation was recorded on the books of account of petitioner:

| | | |
|---|---|---|
| Bonuses payable_____ | $10,200 | |
| Payroll taxes withheld and employee retirement trust_____ | | $2,254.80 |
| Cash in bank_____ | | 7,945.20 |
| Payment of bonuses accrued at fiscal year ended 6/30/67. | | |

On December 1, 1967, petitioner issued its check to Lacy in the sum of $780 in payment of the aforementioned $1,000 bonus. The remaining $220 was paid by petitioner for Federal withholding tax and into the company's retirement trust. For the taxable year 1967 Lacy and his wife included in gross income on their joint Federal income tax return the bonus of $1,000.

As of June 30, 1966, and June 30, 1967, Lacy owed $4,420.94 and $8,207.70, respectively, to the petitioner. Neither of the two bonuses here in issue was credited to a separate account of the recipient on the books of petitioner. The bonuses were not physically set aside nor were they evidenced by notes of the petitioner.

The charter and bylaws of the petitioner made no provision, either for or against, the payment of bonuses to officers and/or other employees. During the years in question no written contract of employment existed between Lacy and the petitioner. It was the petitioner's

practice to pay its employees bonuses just before Christmas time so that they would have funds for the holiday season. There were no written restrictions concerning the time of payments.

After Lacy made his determination, in September of 1966 or 1967 of the amount that a particular employee was to receive, that employee was not informed that he would receive a bonus until it was received by him in December. At all times between June 30, 1966, and December 6, 1966, and between June 30, 1967 and December 31, 1967, respectively, the petitioner had sufficient funds out of which to pay the bonuses here in issue. During the years in question Lacy was authorized to sign checks on behalf of the petitioner; his signature alone was sufficient.

The respondent disallowed the petitioners' deductions for the amounts of the bonuses accrued for Lacy, stating:

(a) It is determined that * * * the amount * * * claimed in the consolidated return as a deduction for accrued payroll and bonuses of L. H. Lacy Company, a subsidiary, payable to J. H. Lacy is not allowable because: (1) L. H. Lacy Company did not pay the amount of the bonus during its tax year in which the expenses were accrued, or within 2½ months after the close of such tax year, and J. H. Lacy did not constructively receive the bonus during the same period of time; (2) the amount of the accrued bonus is not includable in J. H. Lacy's income until paid; and (3) J. H. Lacy owned 52 percent of the common stock of L. H. Lacy Company. * * *

OPINION

Section 267(a)(2)[2] provides that expenses accrued by the taxpayer, which would be otherwise deductible, but are not paid or otherwise includable in the gross income of a related payee (sec. 267(b)) within taxpayer's taxable year and 2½ months thereafter, are not deductible if by reason of the payee's method of accounting the expenses are not, unless paid, includable in gross income for the taxable year in which or with which the taxable year of the taxpayer ends. In order for section 267(a)(2) to apply all of its requirements must be met.

---

[2] SEC. 267. LOSSES, EXPENSES, AND INTEREST WITH RESPECT TO TRANS-ACTIONS BETWEEN RELATED TAXPAYERS.

(a) DEDUCTIONS DISALLOWED.—No deduction shall be allowed—

* * * * * *

(2) UNPAID EXPENSES AND INTEREST.— In respect of expenses, otherwise deductible under section 162 or 212, or of interest, otherwise deductible under section 163,—

(A) If within the period consisting of the taxable year of the taxpayer and 2½ months after the close thereof (i) such expenses or interest are not paid, and (ii) the amount thereof is not includible in the gross income of the person to whom the payment is to be made ; and

(B) If, by reason of the method of accounting of the person to whom the payment is to be made, the amount thereof is not, unless paid, includible in the gross income of such person for the taxable year in which or with which the taxable year of the taxpayer ends ; and

(C) If, at the close of the taxable year of the taxpayer or at any time within 2½ months thereafter, both the taxpayer and the person to whom the payment is to be made are persons specified within any one of the paragraphs of subsection (b).

*Hyplains Dressed Beef, Inc.*, 56 T.C. 119 (1971); *Young Door Co., Eastern Division*, 40 T.C. 890, 893 (1963). To sustain their contention that the deductions for bonuses payable to Lacy were allowable the petitioners have the burden of proving that at least one of the three conditions specified in subparagraphs (A) through (C) of section 267(a)(2) did not exist. We will first consider the application of section 267(a)(2)(B) and (C).

Section 267(a)(2)(B) is concerned with the "method of accounting employed by the recipient of the amount claimed as the deduction." *Hyplains Dressed Beef, Inc., supra* at 125. In the instant case Lacy was on the cash basis method of reporting income. This fact is sufficient to meet the requirement of subparagraph (B). See sec. 1.267(a)–1(b) (1)(ii), Income Tax Regs., which we recently approved in *Hyplains Dressed Beef, Inc., supra* at 125.[3]

The parties have stipulated that Lacy and the petitioner were "persons specified" within section 267(b) and that, therefore, the provisions of section 267(a)(2)(C) were met. Accordingly, we need not give further consideration to the question.

We must now consider whether the requirements of section 267(a) (2)(A) were complied with. In so doing we can further narrow the issue presented by this case. Petitioner does not dispute that the amounts in question were not actually paid to Lacy "within the period consisting of the taxable year of the taxpayer and 2½ months after the close thereof" under section 267(a)(2)(A)(i). *Hyplains Dressed Beef, Inc., supra* at 126. The sole remaining provision of the section upon which the petitioner may rely is section 267(a)(2)(A)(ii). It is the petitioner's contention that the bonuses received by Lacy in December of 1966 and 1967, approximately 2½ months after the close of the statutory period were includable by him in his gross income within the statutory period by virtue of the doctrine of constructive receipt. See sec. 1.267(a)–1(b)(1)(iii), Income Tax Regs.

Although constructive receipt is not defined by any section of the Code, we have in the past found helpful the following definition set out in the respondent's regulations. *Elmer J. Benes*, 42 T.C. 358, 381 (1964); *Young Door Co., Eastern Division, supra* at 894.

Income although not actually reduced to a taxpayer's possession is constructively received by him in the taxable year during which it is credited to his account, set apart for him, or otherwise made available so that he may draw upon it at any time, or so that he could have drawn it during the taxable year if notice of intention to withdraw had been given. However income is not constructively received if the taxpayer's control of its receipt is subject to substantial limitations or restrictions. * * * [Sec. 1.451–2(a), Income Tax Regs.]

---

[3] The legislative history of sec. 267(a)(2) supports this conclusion. See S. Rept. No. 1242, 75th Cong., 1st Sess. (1937), 1937–2 C.B. 630, concerning sec. 24(c), I.R.C. 1939, the predecessor of sec. 267(a)(2).

The doctrine must be sparingly used. *R. E. Hughes, Jr.*, 42 T.C. 1005, 1015 (1964) *Young Door Co., Eastern Division, supra* at 894; *Basil F. Basila*, 36 T.C. 111, 115 (1961). Its application presents a factual question. *R. E. Hughes, Jr., supra* at 1012.

In the case at bar, prior to the close of the 2 taxable years in question, entries indicating the aggregate amount of bonuses payable to the officers and employees of the petitioner were recorded on the petitioner's books of account. There is no dispute that these amounts represented the total bonuses accrued as of the close of the petitioner's taxable years; i.e. June 30, 1966 and 1967. The total amount of bonuses accrued for all employees was authorized by the petitioner's board of directors. In authorizing the payment of bonuses the board of directors did not make the determination as to the particular employee to whom a bonus would be forthcoming, nor did it indicate the amount payable to any particular recipient. During each of the years in question these matters were within the sole discretion of Lacy. As we have indicated in our Findings of Fact the petitioner was unable to establish that Lacy apportioned the aggregate amount of bonuses among the recipients (himself included) prior to September 15, the date on which the statutory period, composed of the petitioner's taxable year plus 2½ months, expired.[4]

On these facts we cannot find that Lacy was in constructive receipt of his bonus, in either of the years in question, by September 15. The bonuses were neither credited to his account nor set apart for him nor made available so that he could draw on them at anytime. *Hyland* v. *Commissioner*, 175 F. 2d 422, 423 (C.A. 2, 1949), affirming a Memorandum Opinion of this Court. If, as the Court of Appeals said in *Hyland*, mere board authorization of the amount of salary does not satisfy the requirement, then mere authorization of the total to be paid to an undetermined group of employees most definitely cannot. Further, the specific amount payable to Lacy was not entered on the corporate books of account, and hence we cannot find that the bonuses were credited to his account or set apart for him. In this regard the instant case is distinguishable from our recent decision in *Hyplains Dressed Beef, Inc.*, *supra*. In that case the amounts in question were not credited to in-

---

[4] At trial, on cross-examination Lacy made the following responses after testifying that he determined the specific amount of his bonuses "[a]round the first of September, sometime in that area":

Q. You're absolutely positive that it may not have been after September 15?

A. Well, again, I would say—I couldn't say I'm absolutely positive, but the usual time that I sit down and determine that is around the first of September.

    \*        \*        \*        \*        \*        \*        \*

Q. Couldn't have been maybe September 20th or October the first, could it?

A. It could possibly have been, but I don't think so.

The only evidence presented as to the time of this annual determination was Lacy's uncorroborated testimony and as the above-quoted exchange indicates Lacy, himself, admitted that he could not testify with complete certitude.

dividual accounts but as we indicated in our Findings of Fact therein, the specific amount credited for each recipient appeared in the minutes of the board of directors, and these amounts could be related to the general entry on the petitioner's books of account. Here the amount payable to a given employee, Lacy included, was not known until sometime subsequent to the close of the statutory period.

An additional factor which must be considered is that from time of the authorization of the board of directors Lacy had the power to pay himself a bonus by virtue of his authority to determine the specific amount of all bonuses and his authority to sign checks on behalf of the petitioner. In sum, all that he had to do was draw a check payable to himself.

We do not find Lacy's power to draw down an unspecified amount of money equivalent to constructive receipt. It is well established that it is the *right* as distinguished from the *power* to receive funds that controls the application of the doctrine of constructive receipt. A power to draw funds which exists by virtue of a shareholder's controlling position within a corporation will not mandate a finding of constructive receipt when this power does not coexist with a right. *Eckhard* v. *Commissioner*, 182 F. 2d 547, 551 (C.A. 10, 1950), affirming on this issue 12 T.C. 384 (1949) ; *Hyland* v. *Commissioner, supra*, at 424; *R. E. Hughes, Jr., supra* at 1013; *Humacid Co.*, 42 T.C. 894, 913 (1964), and *Young Door Co., Eastern Division, supra* at 894. Lacy did not have the right to receive his bonus prior to the time he had determined its amount. It would be an anomaly for us to hold that he was in constructive receipt prior to this time, because the amount of his bonus was unknown.

As additional support for our holding we note that although Lacy had the power to draw his bonuses there is no evidence that he had any intent to do so prior to December of the years in question. In fact evidence was presented which indicates that Lacy had the affirmative intention to draw his bonus in December when the other recipients were to receive theirs. The petitioner had, at least, tactitly formulated the policy that bonuses would be paid in December so that employees would have money for the Christmas holidays. See *Hyland* v. *Commissioner, supra* at 424; *R. E. Hughes, Jr., supra* at 1013. Cf. *Geiger & Peters, Inc.*, 27 T.C. 911, 919–920 (1957).

On brief the petitioner relies upon our decision in *Platt Trailer Co.*, 23 T.C. 1065 (1955), stating that with "minor exceptions" the facts in *Platt* are on all fours with the facts at bar. We are of the opinion that at least one "minor exception" is, in fact, major. In the *Platt* case after the specific amounts of the salaries in question were voted, the petitioner credited them to the recipients' individual accounts.

In accordance with our opinion herein and to reflect concessions made by the petitioners,

*Decision will be entered under Rule 50.*