JAMES J. COONEY AND HELEN J. COONEY, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FRANCIS E. COONEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 32630, 32631. Promulgated August 20, 1952.

*Robert Ash, Esq.*, and *Carl F. Bauersfeld, Esq.*, for the petitioners.
*Jules I. Whitman, Esq.*, for the respondent.

OPINION.

LeMire, *Judge:* Our above finding that petitioners constructively received $10,000 of their incentive bonus for 1947 in that year disposes of the only issue before us in these proceedings.

By the resolution of January 2, 1947, petitioners were entitled for that year, in addition to their salaries of $10,000 each, to a bonus equal to 10 per cent of the corporation's net profits. The resolution of December 2, 1947, authorized the payment to petitioners in December of that year of $10,000 each in partial payment of the bonus due them under the January 2 resolution. That amount was based on an estimate that the corporation's profits for 1947 would be not less than $125,000. These payments were not subject to any contingencies. The petitioners themselves were in complete control of the corporation and could have withdrawn the $10,000 payments at any time after the December 2 resolution, without any further action by the corporation.

This is not a situation where, as petitioners argue, their constructive receipt of the funds depended upon book entries showing the amounts

set aside or credited to them in the corporation's books. The December 2 resolution was in itself sufficient to vest in petitioners a complete and unqualified right to the present use and enjoyment of the funds. Its very purpose was to make $10,000 of their bonuses available to them in 1947, before the final determination of the exact amount of the corporation's profits for that year. It stands to reason that if any further corporate action had been deemed necessary to carry out that purpose it would have been taken. It is not explained why neither of the petitioners withdrew any of their bonuses in 1947 after the resolution was passed. Ample funds were available and petitioners were in a position to withdraw the funds at their pleasure. Apparently, they each withdrew $200 as an advance on their bonus in April 1947 before any credit was made to them in the corporation's books and without any specific authorization, such as the December 2 resolution.

In *Van W. Peabody*, 5 T. C. 426, one of the cases relied upon by the petitioners, we held that there was no constructive receipt in 1940 of extra compensation which had been agreed upon but not credited to the account of the taxpayer or set apart for him in any manner in that year, saying:

Applying the regulation tests [Regs. 111, sec. 29.42–2], we find that the income was not credited to the account of the taxpayer in the taxable year, nor was it set apart for him in any manner. Though there were general funds on hand, no funds were labeled in any way as available for the taxpayer to draw upon them. He had an agreement as to the amount with the president of the corporation, but there is no evidence of any action by the board of directors binding the corporation. *There are no minutes or other record of any corporate action.* Such an agreement with the president was not tantamount to crediting or setting apart "to the taxpayer without any substantial limitation or restriction as to the time or manner of payment or condition on which payment is to be made," nor can we say that such income was "made available to him so that it [could] be drawn at any time, and its receipt brought within his own control and disposition." The book entries were not made until after the close of the taxable year. [Emphasis added.]

In *Weil* v. *Commissioner*, 173 F. 2d 805, it was held that there was no constructive receipt of executors' commissions where such commissions had not been credited to the executors' accounts or "set apart for them in any manner" and the estate did not have sufficient cash to make the payments. The court said:

* * * Section 19.42–2 of Regulations 103 does not require any particular type of bookkeeping. Indeed, the section itself clearly implies that a book entry is not the only way to establish a credit, since it provides: "A book entry, *if made*, should indicate an absolute transfer from one account to another" (italics added). Usually, of course, an entry on the obligor's books crediting a sum to the account of the obligee will be the best evidence that the obligee has only to reach out his hand to reduce the debt to possession, but it is not necessarily the

only evidence that he has unfettered control of the money. See *Acer Realty Co.* v. *Commissioner*, 8 Cir., 132 F. 2d 512, 515–516.

In the *Acer Realty Co.* case (132 F. 2d 512) to which the court referred in the *Weil* case it was held that the mere postponement of making a book entry did not prevent constructive receipt. Cf. also *Eckhard* v. *Commissioner*, 182 F. 2d 547, and *Hyland* v. *Commissioner*, 175 F. 2d 422.

In *C. E. Gullett*, 31 B. T. A. 1067, we said that—

> \* \* \* amounts due from a corporation but unpaid, are not to be included in the income of an individual reporting his income on a cash receipts basis unless it appears that the money was available to him, that the corporation was able and ready to pay him, that his right to receive was not restricted, and that his failure to receive resulted from exercise of his own choice. \* \* \*

All of those conditions were met in the instant case.

In the circumstances here we do not think that constructive receipt depended upon book entries showing the bonus money set aside or credited to the petitioners. The determining facts are that the $10,000 payments to petitioners were duly authorized by the corporation's board of directors; that they were expressly made payable within the taxable year; that the funds were available and that they were subject to petitioners' use and enjoyment within the taxable year. The action of the respondent in including the bonuses, to the extent of $10,000 each, in petitioners' income for 1947 is sustained.

*Decision will be entered under Rule 50.*