GEORGE W. JOHNSON AND LENA JOHNSON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 53628.   Filed December 15, 1955.

*J. H. Doughty, Esq.,* and *Harold B. Stone, Esq.,* for the petitioners.
*Herman Wolff, Jr., Esq.,* for the respondent.

FISHER, *Judge:* The respondent has determined that the sum of $2,951.10 credited to petitioner's salary account on the books of Dartmont in 1949, but not paid in that year, was income constructively received by him in 1949. It is respondent's position that the corporation had ample funds on deposit and other assets to have made payment on the salary checks in 1949, and that the directors, as the sole officers and stockholders, had the power to cash the salary checks at any time during the taxable year. Petitioner, on the other hand, maintains that the check in question was not unqualifiedly made subject to his control during 1949 because the several salary checks were subject to a substantial restriction as to the time and condition of payment, and that the checks could not have been cashed without imposing a severe financial strain on the corporation.

Section 29.42–2, Regulations 111, provides in part:

To constitute receipt in such a case the income must be credited or set apart to the taxpayer without any substantial limitation or restriction as to the time or manner of payment or condition upon which payment is made, and must be made available to him so that it may be drawn at any time, and its receipt brought within his own control and disposition. * * *

The test laid down in the regulation for determining the application of the doctrine of constructive receipt has long been followed by this Court, *Robert J. Dial*, 24 T. C. 117; *C. E. Gullett*, 31 B. T. A. 1067, 1069 (1935) ; *Hal E. Roach*, 20 B. T. A. 919 (1930) ; *John A. Brander*, 3 B. T. A. 231 (1925). In the light of these cases, it is essential for us to determine whether the amount credited to petitioner's account was unequivocally made subject to his demand and disposition without any substantial limitation thereon during the taxable year. In *C. E. Gullett, supra*, a resolution of the directors restricted the corporation from paying accrued officers' salaries during the taxable period because of an involved financial condition. Holding that the salaries originally voted and credited to the officers' accounts were not constructively received, we said:

It is clear that the doctrine of constructive receipt is to be sparingly used; that amounts due from a corporation but unpaid, are not to be included in the income of an individual reporting his income on a cash receipts basis unless it appears that the money was available to him, *that the corporation was able and ready to pay him, that his right to receive was not restricted*, and that his failure to receive resulted from exercise of his own choice. [Emphasis added.]

In the instant case, as in *C. E. Gullett, supra*, we are confronted with an oral condition imposed at the time the checks were issued restricting the time when the proceeds of the checks might be collected. The evidence is clear that the corporation president, alone, was to decide the time when the financial position of Dartmont would permit payment. Three witnesses, the petitioner, the president, and the former book-

keeper of the corporation, testified without contradiction that the checks were delivered to the officers with the strict understanding and their mutual consent that the checks were not to be presented for payment until authorized by the president. No further action was taken to remove the restriction after October 14, 1949, and no payment was received by petitioner during the taxable year.

Under the circumstances, we cannot say that the account credited to Johnson was unqualifiedly subject to his demand and disposition during 1949. The petitioner could not, without violating his agreement with the other directors, obtain and use the money in that year. In our opinion, therefore, what he received in 1949 was still subject to a substantial limitation or restriction as to the time of payment. *L. M. Fischer*, 14 T. C. 792 (1950) ; *Samuel Keller Jacobs*, 22 B. T. A. 1166 (1931) ; *Walter L. Hopkins*, 2 B. T. A. 549 (1925).

Respondent argues that there was no basis for the proviso restricting presentation of the checks for payment, because the corporation had adequate funds available in its bank account on certain days after October 14, 1949, to pay the checks, either individually or as a group. Whether in a given case the income in question was actually available so that the taxpayer might have drawn it at any time is a question of fact. *Weil* v. *Commissioner*, 173 F. 2d 805 (C. A. 2, 1949), certiorari denied 338 U. S. 821 (1949). In determining it, we must consider the debtor's assets and liabilities, its earnings, surplus, credit position, and all relevant facts. Thus, the corporation's credit position at the end of any month, though important and one of the items to be considered in determining the availability of funds, is not controlling of the question of constructive receipt. *William D. Huber*, 12 B. T. A. 1 (1928) ; *Old Colony Trust Co. et al., Administrators*, 22 B. T A. 1062 (1931).

We believe that the record on the whole sustains petitioners' position regarding the practical availability of funds. It is true as respondent points out that Dartmont's bank balances from October 14, 1949, to the end of the taxable year reveal some brief periods when sufficient funds were available to pay Johnson the $2,951.10 credited to his account. But, considering the undisputed fact that all of the compensation checks were to be paid simultaneously, there was not enough cash on hand to pay the full amount of the accrued salaries of $15,322.47, as well as other outstanding obligations. Although the bank balances on December 19 and 29, 1949, would have been adequate to pay the aggregate amount of the salary checks, the evidence shows that during the same period there were several other corporate checks, in substantial amounts, outstanding. Consequently, if both the officers' checks and these latter checks had been presented for payment during December 1949, it is evident that the operation of the corporation would have been impaired. Apparently, Dartmont was already experiencing some financial difficulty which is emphasized by the necessity for the re-

strictive proviso when the salary checks were issued and by the large loans obtained from Cumberland Kentucky during September and October 1949.

The respondent further argues that the accrued salary checks could have been paid during 1949, without imposing any financial strain on Dartmont, by compelling Kentucky Cumberland, in which petitioners had a 40 per cent partnership interest, to remit the net proceeds for coal shipments. Admittedly, the money due Dartmont for these shipments represented an available source of cash. But this account receivable does not establish that Dartmont, in fact, had on hand in 1949 adequate funds with which to discharge its financial obligations. It is true that Dartmont could have borrowed money or that it might have disposed of some of its assets in order to raise the money with which to pay the aggregate salaries, but it is not for us to speculate or theorize on what might have been but was not done. In our opinion, the fact that Dartmont might have borrowed money or compelled payment of its account receivable from Cumberland Kentucky does not require a determination that, as a consequence, petitioner constructively received salary during the taxable period. *Samuel Keller Jacobs, supra.* See also *Marian Otis Chandler*, 16 B. T. A. 1248, 1253 (1929), and cases cited therein.

It is hardly necessary to add that we do not condone the transparent effort to obtain a deduction for the corporation without the payment of tax by the four recipients of the checks. The question of deductibility by the corporation, however, is not before us.

In the light of the foregoing, we hold that the amount of $2,951.10 credited to petitioner's account was not unconditionally at his command or available for his use in 1949. Accordingly, this amount was not income constructively received in 1949. *Robert J. Dial, supra.*

*Decision will be entered for petitioners.*