YOUNG DOOR COMPANY, EASTERN DIVISION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 93819. Filed August 30, 1963

*John Potts Barnes* and *David E. Dickinson,* for the petitioner. *Helen A. Viney,* for the respondent.

BRUCE, *Judge:* The respondent determined deficiencies in the income taxes of petitioner for the calendar years 1958 and 1959, and for the

taxable period January 1 to April 30, 1960, respectively, in the amounts of $15,067.78, $18,161.68, and $5,724.89.

The sole issue is whether or not the commissions accrued by petitioner in the calendar years 1958 and 1959 and the taxable period January 1 to April 30, 1960, but not paid within 2½ months following the close of such taxable periods, are prohibited as deductions pursuant to the provisions of section 267(a)(2) of the Internal Revenue Code of 1954.

### FINDINGS OF FACT

The stipulated facts and exhibits attached thereto are incorporated herein by this reference.

Petitioner is a corporation organized under the laws of Pennsylvania on March 24, 1955, has its principal place of business in Sunbury, Pa., and is engaged in the manufacture of wood doors. Its Federal income tax returns for the calendar years 1958 and 1959, and for the taxable period January 1 to April 30, 1960, were filed within the time prescribed by law with the district director of internal revenue at Scranton, Pa., on the accrual method of accounting.

During the calendar years 1958, 1959, and 1960, petitioner's officers and board of directors consisted of William S. Young, president, Robert Young, executive vice president, and W. C. Bancroft, secretary-treasurer. Its 6,091 shares of common stock outstanding were owned as follows:

| | |
|---|---|
| William S. Young | 2,220 shares |
| Robert Young | 2,220 shares |
| Young Door Co. (a Michigan corporation) | 1,320 shares |
| W. C. Bancroft | 271 shares |
| Carol Voorheis (an employee of petitioner) | 60 shares |

William S. Young and Robert Young are brothers, and each filed his Federal income tax returns for the calendar years 1958, 1959, and 1960 on the cash method of accounting.

Young Door Co. (hereinafter referred to as Young Door, Michigan) is a corporation incorporated under the laws of Michigan and has its principal place of business at Plymouth, Ind. In 1954 the 41,000 shares of common stock outstanding of Young Door, Michigan, were owned as follows:

| | |
|---|---|
| Robert Young | 20,498 shares |
| William S. Young | 20,498 shares |
| Cristina Young (mother of Robert and William) | 4 shares |

Robert Young was its president, William S. Young was its vice president, and its board of directors consisted of Robert Young, William S. Young, W. C. Bancroft, and Cristina Young. On November 3, 1954, the board of directors of the Michigan corporation, after being ad-

vised by the company's public accountant that the provisions of the Internal Revenue Code limited the deduction of accrued expenses owing to related taxpayers to those paid within 75 days (*sic*) following the close of the taxable year, adopted a resolution as follows:

RESOLVED: That annual commission be established for Robert Young and William S. Young amounting to two per cent of gross sales to be divided equally between them. Such commissions to be computed at fiscal year end of October 31—each year starting with year ending October 31, 1954. Commission to be paid first week of January, each year following.

On March 4, 1958, petitioner's board of directors, as evidenced by official minutes, adopted the following resolution:

RESOLVED: That annual commissions be established for William S. Young and Robert Young amounting to 1% of gross sales, to be divided equally between them. Such commissions to be computed at fiscal year ending December 31 of each year starting with year ending December 31, 1958. Commissions to be paid 90 days from year ending.

Petitioner accrued on its accounts for the calendar years 1958 and 1959, and for the taxable period January 1 to April 30, 1960, the commissions authorized by this resolution in the amounts of $28,976.50, $34,926.30, and $11,009.40. These amounts were not paid until April 3, 1959, March 24, 1960, and August 1, 1960, or 93, 84, and 93 days after the end of the respective taxable periods.

On its Federal income tax returns for the calendar years 1958 and 1959, and for the taxable period January 1 to April 30, 1960, petitioner deducted as compensation for officers the above-designated amounts of accrued commissions. Robert and William S. Young each included his 1958 commission in gross income on his 1959 Federal income tax return and his commissions for 1959 and the taxable period January 1 to April 30, 1960, on his 1960 return.

OPINION

The commissions authorized to be paid to petitioner's officers in the instant case were not paid within 2½ months following the close of the taxable periods in which the amounts were accrued and deducted by petitioner. The sole issue is whether or not the deduction of the commissions is prohibited by section 267 (a) (2) of the Internal Revenue Code of 1954.[1]

---

[1] SEC. 267. LOSSES, EXPENSES, AND INTEREST WITH RESPECT TO TRANSACTIONS BETWEEN RELATED TAXPAYERS.

(a) DEDUCTIONS DISALLOWED.—No deduction shall be allowed—

* * * * * * *

(2) UNPAID EXPENSES AND INTEREST.—In respect of expenses, otherwise deductible under section 162 or 212, or of interest, otherwise deductible under section 163,—

(A) If within the period consisting of the taxable year of the taxpayer and 2½ months after the close thereof (i) such expenses or interest are not paid, and (ii) the amount thereof is not includible in the gross income of the person to whom the payment is to be made; and

The purpose of section 267 is to eliminate the former tax avoidance practice of accruing unpaid expenses and interest payable to a closely related taxpayer who, because he is on a cash basis, reports no income. Because of the relationship between the taxpayers, payment might never be required or might be postponed until the related taxpayer has offsetting losses. *Geiger & Peters, Inc.*, 27 T.C. 911, 917; *Platt Trailer Co.*, 23 T.C. 1065, 1068; S. Rept. No. 1242, and House Ways and Means Committee Rept. No. 1546, 75th Cong., 1st Sess., p. 29 (1937) (1937-2 C.B. 630).

In order for section 267(a)(2) to apply, all of the requirements of that section must be met. *Geiger & Peters, Inc., supra; Platt Trailer Co., supra.* Items of expense which are accrued by the taxpayer, but are not paid or otherwise includable in the gross income of the person to whom payment is to be made in the taxpayer's taxable year or 2½ months thereafter, are not deductible if by reason of the payee's method of accounting the expenses are not includable in gross income in his taxable year in which or with which the taxpayer's taxable year ends and if the payee is related to the taxpayer in a manner described in section 267(b). Section 267(b)[2] specifies ownership by an individual of more than 50 percent of the outstanding stock of a corporation as a relationship coming within section 267(a). Section 267(c)[3] provides that an individual is considered as owning any stock owned by his family, including his brothers. Since Robert and William S. Young are brothers and together they own more than 50 percent of petitioner's outstanding stock, the relationship requisite to the application of section 267(a)(2) exists. The commissions were not paid to Robert and William within the taxable periods in which they were accrued by petitioner or 2½ months thereafter and, since each reported his income on the cash basis of accounting, the amounts of the commissions were not includable in the gross income of Robert and William for their taxable years in or with which petitioner's taxable periods in question ended. The determination of the issue in this

(B) If, by reason of the method of accounting of the person to whom the payment is to be made, the amount thereof is not, unless paid, includible in the gross income of such person for the taxable year in which or with which the taxable year of the taxpayer ends; and

(C) If, at the close of the taxable year of the taxpayer or at any time within 2½ months thereafter, both the taxpayer and the person to whom the payment is to be made are persons specified within any one of the paragraphs of subsection (b).

[2] SEC. 267(b). RELATIONSHIPS.—The persons referred to in subsection (a) are:

\*    \*    \*    \*    \*    \*    \*

(2) An individual and a corporation more than 50 percent in value of the outstanding stock of which is owned, directly or indirectly, by or for such individual;

[3] SEC. 267(c). CONSTRUCTIVE OWNERSHIP OF STOCK.—For purposes of determining, in applying subsection (b), the ownership of stock—

\*    \*    \*    \*    \*    \*    \*

(2) An individual shall be considered as owning the stock owned, directly or indirectly, by or for his family;

case is therefore narrowed down to the question whether the amounts of the commissions were otherwise includable in gross income by Robert and William because constructively received by them within the petitioner's taxable periods involved or 2½ months thereafter.

Income is constructively received by a taxpayer when it is credited to his account or set apart for him so that he may draw upon it at any time without substantial limitation or restriction. Income Tax Regs., sec. 1.451-2; *Geiger & Peters, Inc.*, *supra; Platt Trailer Co.*, *supra; James J. Cooney*, 18 T.C. 883; *Ohio Battery & Ignition Co.*, 5 T.C. 283; *Michael Flynn Manufacturing Co.*, 3 T.C. 932. But the doctrine of constructive receipt is to be sparingly applied, and where income is not unqualifiedly subject to the taxpayer's demand and his failure to receive it is not the result of his own choice, there is no constructive receipt. *Basil F. Basila*, 36 T.C. 111; *George W. Johnson*, 25 T.C. 499; *C. E. Gullett*, 31 B.T.A. 1067. In *Basil F. Basila*, *supra*, where amounts were not due and payable under an employment contract until a fixed date, the Court found that such amounts were not subject to the substantially unlimited control of the taxpayer and were not constructively received by him until the date fixed in the contract. See also *James Gould Cozzens*, 19 T.C. 663, and *Howard Veit*, 8 T.C. 809. The Court rejected the argument that as controlling stockholder, the taxpayer could have obtained the money at any time, on the grounds that the right rather than the power to receive income determines whether or not such income is constructively received.

In the instant case, the minutes recording the resolution of petitioner's board of directors authorizing the commissions in question directed that the commissions were to be paid 90 days after the close of petitioner's taxable year. Petitioner contends, however, that the minutes do not accurately reflect the action taken by the board; that the period voted by the board for payment of the commissions was the 2½ months prescribed by section 267(a)(2); that this action and not its erroneous recordation is controlling and, accordingly, that the commission compensation was constructively received during the 2½ months' period and petitioner is therefore entitled to deduct the commissions.

In support of its contention petitioner offered the testimony of two of its officers and directors, William S. Young, president, and W. C. Bancroft, secretary-treasurer, who testified that the members of its board, by reason of their previous experience in adopting a similar resolution in 1954, providing for the payment of commission compensation to the officers of Young Door, Michigan, and advice received from their public accountant at that time, were well aware of the requirement that to be deductible by petitioner the commissions should be paid, or at least payable, within a specified period, but that they did not remember or were not sure of the period and, accordingly,

voted that the commissions here in question should be paid within the period prescribed by law, but left it to the secretary to draft an appropriate resolution to be included in the minutes and to insert the period. Bancroft testified that, thinking he remembered the statutory period and without checking, he erroneously inserted "90 days" in the resolution included in the minutes. Kenneth J. Meunier, petitioner's public accountant, testified that he advised petitioner's officers, at the time they as members of the board of directors for Young Door, Michigan, voted a similar resolution for that company, that the Internal Revenue Code limited deduction of expenses owing to related taxpayers to those paid within 75 days (*sic*) following the close of the payor's taxable year.

For reasons hereinafter indicated, we find it unnecessary to determine whether the testimony of petitioner's president and secretary accurately reflects what was actually said and done at the board meeting of March 4, 1958, or merely reflects what they intended and later thought they had done.

It is well established that the minutes of the board of directors of a corporation are prima facie, but not conclusive, evidence of the action taken by the board. *Joseph* v. *Krull Wholesale Drug Co.*, 147 F. Supp. 250 (E.D. Pa. 1957), affd. 245 F. 2d 231; Pa. Stat. Ann., tit. 28, secs. 91(a)–91(d); *ibid*. tit. 15, sec. 2852–308; 28 U.S.C. 1732. The question with which we are presented here, however, is not whether the minutes correctly reflect the action taken by the board, but whether, for income tax purposes, the directions contained in the corporate record "Commissions to be paid 90 days from year ending," constituted a substantial limitation on the right of the corporate officers to receive the commissions in question at any time prior to 90 days after the close of petitioner's respective taxable periods.

Where the official corporate record, although impeachable, limits the right to receive income to a fixed date, the income is subject to a substantial restriction and is not constructively received by the payee until the conditions imposed by the corporate record are met or until the record is changed to conform to the actual facts. Cf. *Basil F. Basila, supra*. The recordation of the resolution in the instant case, whether or not it accurately represented the action taken by the board, operated as an actual restriction upon payment. The payees had no right to demand and petitioner was not required to pay the commissions until 90 days after the close of the corporate year. Both Young and Bancroft considered the due date expressed in the minutes as a restriction upon the payment of the commissions. There is no question that Robert and William, as controlling stockholders, had power to make the commissions payable within the period prescribed by the statute and to correct the minutes recording the action of the

board if they were erroneous. However, they did not do so and, short of affirmative action, the resolution as recorded in the minutes controlled the right to receive the commissions.

Since we find that the due date expressed in the corporate record was a substantial restriction on the receipt of the commissions in question, we need not consider whether or not petitioner's financial condition imposed a similar restriction.

We find that the amounts of the commissions authorized by petitioner's board of directors to be paid to its controlling stockholders were not constructively received by them within 2½ months following the close of petitioner's taxable periods in question. We therefore hold that the deduction of the commissions by petitioner is prohibited by section 267(a)(2) of the Internal Revenue Code of 1954.

*Decision will be entered for the respondent.*