FRANK F. HAACK, JR. and CAROL S. HAACK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Haack v. Commissioner
Docket No. 729-79.
United States Tax Court
T.C. Memo 1981-13; 1981 Tax Ct. Memo LEXIS 730; 41 T.C.M. (CCH) 708; T.C.M. (RIA) 81013; January 13, 1981
Sherwin C. Peltin, for the petitioners. Harry K. Friedman, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined deficiencies in the amounts of $ 3,092 and $ 9,067 in petitioners' Federal income taxes for 1975 and 1976, respectively. The sole issue for decision is whether petitioners were required to include cash bonuses in gross income in the year received or in the year authorized. FINDINGS OF FACT Petitioners %frank F. Haack, Jr. (hereinafter petitioner) and Carol S. Haack, husband and wife, were legal residents of Elm Grove, Wisconsin, when they filed their petition. They filed joint Federal income tax returns for 1975 and 1976 with the Internal Revenue Service Center, Kansas City, Missouri. Frank F. Haack *731 & Associates, Inc. (the corporation), was incorporated under the laws of the State of Wisconsin in 1968. The corporation's business consisted of selling various types of insurance. The corporation reported its income and deductions on the accrual basis. It used a calendar tax year for 1975 and 1976. The initial members of the broad of directors were Frank F. Haack, Sr., Petitioner, and petitioner's wife. Petitioner was named president and treasurer. These individuals were re-elected to their positions as officers and directors each year through 1976. Petitioner owned all of the stock in the corporation until December 24, 1976, when Robert K. Burden, Jr., then a vice-president of the corporation, acquired 10 percent. From that date until December 30, 1977, petitioner owned 90 percent of the corporation's stock. On December 29, 1972, December 31, 1973, and December 31, 1974, the board of directors authorized the payment of cash bonuses to the vice-presidents of the corporation. The bonuses were paid during the February following their respective authorization. On December 31, 1975, the board of directors authorized cash bonuses to the vice-presidents, and a cash bonus in *732 the amount of $ 6,000 to petitioner. These bonuses were paid on February 18, 1976. On December 31, 1976, the board of directors authorized cash bonuses to the vice-presidents, and a cash bonus in the amount of $ 25,000 to petitioner. These bonuses were paid on February 15, 1977. The corporation accrued each bonus on its books, and deducted each bonus as a business expense, in the same year in which the bonuses were authorized. The corporation was liable for the payment of all bonuses on December 31 of the year the bonuses were authorized. At the time the bonuses were authorized, the corporation had sufficient cash on hand to pay them. Although no written employment agreement existed between petitioner and the corporation, petitioner was authorized to sign all corporate checks on any bank account maintained by the corporation without the need of a countersignature. Petitioners, who used the cash receipts and disbursement method of accounting, reported the bonuses authorized on December 31, 1975, December 31, 1976, on their 1976 and 1977 income tax returns, respectively. No tax was withheld from the bonuses. Respondent determined that the bonuses were constructively received, *733 and thus properly includable in income, in the year in which the bonuses were authorized. OPINION Income is includable in gross income in the taxable year in which it is received by the taxpayer unless the taxpayer uses a method of accounting to compute taxable income which calls for income to be accounted for in a different year. See sec. 451, Internal Revenue Code of 1954; sec. 1.451-1(a), Income Tax Regs.Section 1.451-2(a), Income Tax Regs., provides that: (a) General rule. Income although not actually reduced to a taxpayer's possession is constructively received by him in the taxable year during which it is credited to his account, set apart for him, or otherwise made available so that he may draw upon it at any time, or so that he could have drawn upon it during the taxable year if notice of intention to withdraw had been given. However, income is not constructively received if the taxpayer's control of its receipt is subject to substantial limitations or restrictions. * * * We have long applied the doctrine of constructive receipt sparingly. See, e.g., Basila v. Commissioner,36 T.C. 111, 115 (1961). Thus, money owned to *734 the cash basis taxpayer is not to be included in his income in a year other than the year he received it unless the money was available to him, the corporation was able to pay him, his right to receive the money was not restricted, and his failure to receive the cash resulted from the exercise of his own choice. Basila v. Commissioner,supra.
Petitioner contends that the doctrine of constructive receipt should not be applied in the present case because, he maintains, petitioner's right to receive the bonus was restricted by the corporation's "long-standing custom" to pay the bonuses 2 months after authorization. Petitioner further argues that the doctrine is to be applied only to prevent tax evasion. Observing that he was in the same tax bracket for the years in issue, petitioner concludes that no tax evasion occurred and consequently the doctrine should not be applied. We disagree. We do not think that a substantial restriction existed upon petitioner's right to receive the bonuses on the dates of authorization, December 31, 1975, and December 31, 1976, respectively. Petitioner has acknowledged that the corporation was liable for the bonuses upon their *735 authorization. Moreover, petitioner could sign the checks himself without any additional countersignature or other corporate action. At the dates of the authorizations, the corporation had sufficient funds to pay the bonuses. Indeed, the only restriction identified by petitioner is the so-called "long-standing custom." This custom, however, was started merely 3 years prior to the tax years in issue. We do not think it can reasonably be characterized as a substantial restriction preventing petitioner from demanding his bonus on December 31, the date of authorization. To the contrary, petitioner, as the corporation's sole or majority shareholder, president, treasurer, and director, decided when and for how long to defer payment. Thus, the deferment of the bonus was due to the exercise of petitioner's choice, rather than to any substantial limitation or restriction upon his right to control the date of the receipt of the bonus. See F.D. Bissett & Son, Inc. v. Commissioner,56 T.C. 453, 463 (1971). Accordingly, because petitioner had a right to control the date of the receipt of the bonus on December 31 without further corporate action, the bonus is includable in his *736 gross income in the year authorized. Petitioner also argues that he received no tax benefit from the late deferment of the bonuses. No tax, however, was withheld from the bonuses. Consequently, although petitioner ultimately paid the same amount of tax upon the bonus that he would have paid if the bonus had been reported in the earlier year, he deferred payment of that tax by one year. Clearly, this constitutes a benefit to petitioner. In any event, the application of the doctrine of constructive receipt does not depend upon a tax benefit. Petitioner also erroneously relies upon Avery v. Commissioner,292 U.S. 210 (1934). In that case, in accordance with established practice without exception, the United States Gypsum Company authorized dividends at the end of each quarter, including December 31. The dividends were sent on the last day of the quarter so that the stockholders received them the first business day of the month following their authorization. The Supreme Court concluded that, because of the corporation's well-established practice, the petitioner had no right to the dividends on December 31. In reaching that conclusion, the Court emphasized that *737 "there is nothing to show that petitioner could have obtained payment on December 31st, he did not expect this, and the practice shows the company had no intention to make actual payment on that day." Avery v. Commissioner,supra at 215. In contrast, in the case before us, petitioner could have obtained payment on December 31st. The deferment of the bonus was not pursuant to a well-established practice but rather to petitioner's wishes as the sole or 90-percent shareholder, president, and treasurer of the corporation.Accordingly, the Avery case is not apposite. Cf. Fetzer Refrigerator Co. v. United States,437 F.2d 577, 580 (6th Cir. 1971). To reflect the foregoing, Decision will be entered for the respondent.