WILLIAM R. LONG, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 36064-87.       Filed September 13, 1989.

*Frank P. Meadows, Jr.,* for the petitioner.
*James E. Gray,* for the respondent.

SUPPLEMENTAL OPINION

WHITAKER, *Judge:* We issued our opinion in *Long v. Commissioner,* 93 T.C. 5 (1989), in which we held that the portion of an account receivable established between related corporations pursuant to Rev. Proc. 65-17, 1965-1 C.B. 833, which was not offset by a preexisting account payable and not otherwise satisfied via the methods authorized in that revenue procedure constituted a constructive dividend to the common shareholder and contribution to the capital of the transferee corporation in accordance with the implementing closing agreement. Petitioner, who is the control-

ling shareholder, has moved pursuant to Rule 161[1] for reconsideration of that opinion. As grounds for his motion, petitioner argues that our holding "improperly restricts the language of the closing agreement and is in conflict with prior decisions of this Court and other[s] regarding the scope of the doctrine of constructive payment." More specifically, petitioner argues that neither Rev. Proc. 65-17 nor the closing agreement prohibits the doctrine of constructive payment from applying to the transfer of assets required therein. To the limited extent that petitioner's arguments were not addressed in our prior opinion, we reject them here. Our prior opinion is incorporated by this reference.

In support of his argument, petitioner cites *White v. Commissioner*, 61 T.C. 763 (1974), and *F.D. Bissette & Son, Inc. v. Commissioner*, 56 T.C. 453 (1971). In *White*, respondent disallowed, pursuant to section 267, deductions accrued by the taxpayer's wholly owned subchapter S corporation in 1966 and 1967 but not actually paid until more than 2½ months after the close of the corporation's taxable year. We held that the doctrine of constructive receipt was applicable to satisfy the requirement of section 267(a)(2) that deductions claimed for an expense accrued by an accrual basis taxpayer are allowed only if the income corresponding to that expense is included in the related cash basis recipient's income in the year of accrual or within 2½ months after the close of that year. In *F.D. Bissette*, the constructive receipt doctrine was applied in the context of section 267(a)(2) as it related to the payment to shareholders of interest on corporate debentures.

As applied in the context of this case, *White* and *F.D. Bissette* do no more than illustrate how the doctrine of constructive receipt would operate were it applicable. Petitioner argues that, in those cases, we recognized that "where the language being interpreted requires only that an amount be 'paid,' without expressly requiring that there be *actual payment*, constructive payment is the equivalent of payment and legally sufficient." However, as we found in

---

[1]Unless otherwise noted, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954 as amended and in effect for the years in issue.

our prior opinion, "Rev. Proc. 65-17 requires payment 'in the form of money,' and the closing agreement required payment in 'United States dollars' ." *Long v. Commissioner, supra* at 11. However, even were we to accept petitioner's additional argument that the closing agreement's requirement of payment in U.S. dollars was to preclude payment in devalued foreign currency, we would still find for respondent.

In our prior opinion, we stated that "the result urged upon us by petitioner would render the closing agreement an exercise in futility, as petitioner would have gained its benefit simply by establishing the account receivable and doing nothing further." *Long v. Commissioner, supra* at 11. Apparently addressing this statement, petitioner argues that Manufacturing and Specialty did more than merely establish the accounts receivable and payable pursuant to Rev. Proc. 65-17. He argues that additional facts, i.e., Manufacturing's ability to make the actual cash payment and the control over Manufacturing's funds by its chief financial officer, show that the receivable was constructively paid. The latter factor is a nonfactor; every corporation has an officer who has control over its funds. With respect to Manufacturing's financial position, the mere fact that it was able to make a transfer of cash or other property does not change the fact that, except for establishing the accounts, the two corporations had not changed their economic positions with respect to one another prior to the expiration of the 90-day period.

This case differs from *White* and *F.D. Bissette* in that it is more a question of the interpretation of a contract rather than a statute. Petitioner's election to take advantage of Rev. Proc. 65-17 made its terms part of that contract. We do not think that language more specific than payment "in the form of money" in sec. 4.02 of Rev. Proc. 65-17 is necessary to preclude constructive payment as an acceptable medium. Viewing the closing agreement under *general* contract principles and in the context of Rev. Proc. 65-17, we find it unambiguous, and hold that an actual transfer of funds is required to avoid constructive dividend treatment to petitioner. Petitioner's motion will therefore be denied.

*An appropriate order will be entered.*